NELSON P. COHEN
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:02-cr-00088 (RRB) |
| ) | |
| Plaintiff, ) | |
| ) | WRITTEN REPLY SUMMATION |
| vs. ) | REGARDING SUPERVISED |
| ) | RELEASE VIOLATION |
| CHARLENE CORTEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

    The United States submits its written reply to Charlene Cortez' summation. The United States will address the points Cortez has raised.

    Contrary to Cortez's misinterpretation of 18 U.S.C. § 3583(g)(4), she is not currently facing mandatory revocation because of the three allegations contained in

the petition to revoke supervised release that she submitted three urine samples that tested positive for the consumption of cocaine. 18 U.S.C. § 3583(g)(4) triggers a mandatory revocation of supervised release only if a person under supervision submitted *more* than three positive urine samples. That is not the case here. Thus, remand to custody upon a finding that Cortez committed any of the allegations is not mandatory. The manner through which the Court decides to dispose of this matter is a matter left to the discretion of the Court.

Cortez is wrong that the Court can not rely upon hearsay at a supervised release revocation hearing. A hearing to revoke supervised release is not a stage of the original criminal prosecution to which the right of confrontation contained in the Sixth Amendment applies. *United States v. Hall*, 419 F.3d 980, 985-86 (9th Cir. 2005). Hearsay evidence is admissible. *Id.* Moreover, the federal rules of evidence do not apply to the proceedings to revoke a defendant's supervised release. *United States v. Walker*, 117 F.3d 417, 420-21 (9th Cir. 1997).

A defendant subject to a petition to revoke supervised release is nonetheless entitled to minimal due process rights, including the right to confront and cross examine adverse witnesses. *Walker* at 421. When considering the admission of hearsay at the revocation hearing, among the factors the Court may consider when balancing the defendant's confrontation rights against the government's election

not to call every possible witness to support the allegations, the Court may consider the importance of the evidence to the Court's finding, the defendant's opportunity to refute the evidence, the consequences of the Court's finding, the difficulty and expense of procuring the witnesses, and the traditional indicia of reliability of the evidence. *Id.*

In this case Cortez argues the Court should not consider either the laboratory reports or the testimony of the results of Cortez's urinalysis because the United States did not call every possible witness who handled the urine from the time of collection to the time the test results were obtained.  Cortez suggests that her urine may still be at the United States Probation Office because the United States did not present any evidence "as to how the samples were transported from Alaska or where they ended up."  To the contrary, the evidence the United States presented was that the three samples ended up at the Scientific Testing Laboratories, Inc. where the samples were tested and the positive results obtained.  Cortez herself testified that she submitted samples and she signed the collection forms bearing the individual specimen numbers that were reflected not only in the testimony of Ms. Taney Mock but also on the laboratory reports.  The appearance of the exact same specimen numbers on each of the reports for Cortez's three samples belies Cortez's claim that her urine never made it to the laboratory.  Furthermore, Cortez argues

the government failed to show that each of her three samples arrived without the possibility of adulterants being added to her samples. She appears to ignore the testimony that the reason her samples were sent for further testing was because they each gave a preliminary field test indication for evidence of cocaine consumption. Cortez further ignores that the confirmatory testing does not test for the actual presence of cocaine, but instead for the cocaine metabolite. For Cortez's theory of contamination to hold water, there would have had to been evidence that the collectors each used a collection cup that contained someone else's urine each time they collected urine from Cortez. There was no such evidence presented.

    Cortez elected not to have her samples re-examined. Neither the United States nor the Court interfered with her opportunity to have the urine samples re-tested. Thus, the concerns forming the basis for the decision in *United States v. Martin*, 984 F.2d 308 (9th Cir. 1993) do not apply in this case, as Cortez suggests that they do.

    Cortez's testimony that it was her husband's crack cocaine use that explains why her urine would test positive for cocaine use is not only blatantly implausible, because crack cocaine is only ingested by smoking, it also undermines her claim that it could not have been her urine that tested positive. In sum, there is sufficient indicia of reliability for the admission of the testimony in this matter regarding the

positive test results obtained from Cortez's urine samples. Those test results support the finding that Cortez did submit urine samples that tested positive for the use of cocaine. The Court should find the allegations established by the evidence.

RESPECTFULLY SUBMITTED this day, September 22, 2006, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

**CERTIFICATE OF SERVICE**
I hereby certify that on September 22, 2006
a copy of the foregoing was served
electronically:

Joe Loescher, Esq.
1102 Broadway Plaza, #403
Tacoma, WA 98402

s/ Stephan A. Collins