UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLENE CORTEZ,<br><br>　　　　　　　　　Defendant. | No. A02-088 CR (RRB)<br><br>OBJECTIONS TO RECOMMENDATION REGARDING PETITION TO REVOKE SUPERVISED RELEASE |

The Government alleges that Charlene Cortez on three occasions (on or about April 27, 2006, May 1, 2006, and June 15, 2006) "consumed cocaine, as evidenced by a positive drug test". The Magistrate Judge's Recommendation Regarding Petition to Revoke Supervised Release recommends that the court adopt the Magistrate Judge's findings of act and that the Petition to Revoke Supervised Release be granted.

Charlene Cortez objects to the findings and conclusions of the Magistrate Judge on the following grounds:

OBJECTIONS TO RECOMMENDATION
REGARDING PETITION TO REVOKE
SUPERVISED RELEASE– Page 1

*Smith Alling Lane*
*A Professional Services Corporation*
*Attorneys at Law*

1102 Broadway Plaza, #403
Tacoma, Washington 98402
Tacoma: (253) 627-1091
Seattle: (425) 251-5938
Facsimile: (253) 627-0123

1  The government failed to present testimony establishing the chain of custody and that the
2  SAMSHA regulations were followed.  No testimony was presented that any of the samples
3  were shipped from Anchorage or how they were shipped.  No evidence was adduced from
4  which the court could conclude that the UA samples tested by the lab were in fact provided by
5  Cortez.  The government wants the court to infer that the samples were properly handled and
6  shipped to the lab.

   Ms. Tarnaimoak testified that the laboratory was required to follow SAMSHA guidelines.
   Those guidelines were published in 59 FR 29908, on June 9, 1994.  The definition of Chain of
   Custody, in section 1.2 definitions, states as follows:

> *Chain of Custody.*  Procedures to account for the integrity of each urine specimen by tracking its handling and storage from point of specimen collection to final disposition of the specimen.  These procedures shall require that an Office of Management and Budget (OMB) approved specimen chain of custody form be used from time of collection to receipt by the laboratory and that upon receipt by the laboratory an appropriate laboratory chain of custody form(s) account for the specimens and samples within the laboratory.  Chain of custody forms shall, at a minimum, include an entry documenting date and purpose each time a specimen or sample is handled or transferred and identifying every individual in the chain of custody.

The regulations in section 2.2(i) state as follows:

> (i) *Transportation to Laboratory.*  Collection site personnel shall arrange to ship the collected specimens to the drug testing laboratory.  The specimens shall be placed in containers designed to minimize the possibility of damage during shipment, for example, specimen boxes or padded mailers; and those containers shall be securely sealed to eliminate the possibility of undetected tampering.  The collection site personnel shall ensure that the specimen chain of custody form is enclosed within each container sealed for shipment to the drug testing laboratory.  Since specimens are sealed in packages that would indicate any tampering during transit to the laboratory and couriers, express carriers, and postal service personnel do not have access to the chain of custody forms, there is no requirement that such personnel document chain of custody for the package during transit.

No one testified that the section was followed.

OBJECTIONS TO RECOMMENDATION
REGARDING PETITION TO REVOKE
SUPERVISED RELEASE– Page 2

*Smith Alling Lane*
*A Professional Services Corporation*
*Attorneys at Law*

1102 Broadway Plaza, #403
Tacoma, Washington 98402
Tacoma: (253) 627-1091
Seattle: (425) 251-5938
Facsimile: (253) 627-0123

1   The admission of hearsay testimony against Cortez violated her due process rights

2   under *Morrissey v. Brewer*, 408 U.S. 471 (1972), *Gagnon v. Scarpelli*, 411 U.S. 778 (1973),

3   *United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993), and Fed. R. Crim. P. 32.  In

4   *Martin*, the Ninth Circuit concluded that trial courts should apply the balancing test to every

5   alleged violation of the *Morrissey* right of confrontation, including UAs. *Id*. at 314.  In this

6   case the court failed to provide Cortez her rights of due process.

7   Even though the testimony established that the SAMSHA guidelines govern the

8   actions of the laboratory, the Government did not establish by testimony that those procedures

9   were followed.  With respect to all three specimens, the Government's witness testified that

10  none tested positive under the immunoassay test.  She testified that specimen C00466772 was

11  not even subjected to that test.  Yet the regulations in section 2.4(e)(3) states as follows:

> Specimens that test negative on all initial immunoassay tests will be reported negative.  No further testing of these negative specimens for drugs is permitted and the specimens shall either be discarded or pooled for use in the laboratory's internal quality control program.

15  Under this regulation the samples should have been discarded, not tested further, and reported

16  as negative.  Had that process been followed, this revocation proceeding would never have

17  been initiated.

OBJECTIONS TO RECOMMENDATION
REGARDING PETITION TO REVOKE
SUPERVISED RELEASE– Page 3

*Smith Alling Lane*
*A Professional Services Corporation*
*Attorneys at Law*

1102 Broadway Plaza, #403
Tacoma, Washington 98402
Tacoma: (253) 627-1091
Seattle: (425) 251-5938
Facsimile: (253) 627-0123

1 | Dated this 17th day of October, 2006.

2 |                 SMITH ALLING LANE, P.S.

4 | /s/ Joseph R. D. Loescher
5 | 1102 Broadway Plaza, # 403
   Tacoma, WA 98402
6 | Ph: 253-627-1091
   Fax: 253-627-0123
7 | E-mail: joel@smithallinglane.com
   Alaska Bar No. 7911108

OBJECTIONS TO RECOMMENDATION REGARDING PETITION TO REVOKE SUPERVISED RELEASE– Page 4

*Smith Alling Lane*
*A Professional Services Corporation*
**Attorneys at Law**

1102 Broadway Plaza, #403
Tacoma, Washington 98402
Tacoma: (253) 627-1091
Seattle: (425) 251-5938
Facsimile: (253) 627-0123